```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   JACKSON DIVISION
```

**UNITED STATES OF AMERICA**

VS.                                       CRIMINAL NO. 3:06-CR-84

**FRANKLIN ALFONSO MELLADO**
**OBERTO**

## OPINION AND ORDER

This cause is before the Court on the Motion of Defendant Franklin Alfonso Mellado Oberto to Dismiss Indictment, filed on June 26, 2006, under docket entry no. 9. Having considered the Motion, Response, Rebuttal and all attachments to each, as well as supporting and opposing authority, the Court finds that the Motion is well taken and should be granted.[1]

### I. Factual Background and Procedural History

On March 8, 2006, a Criminal Complaint was filed in this Court against Defendant for threatening to kill the President of the

---

[1] After failing to respond to the instant Motion in a timely fashion, the Government was ordered on July 19, 2006, to notify the Court whether it intended to file a Response. The next day, a Response was filed on behalf of the Government. In the Response, counsel for the Government explained that the case had recently been reassigned to her and that she did not receive notice of Defendant's Motion, which was filed on June 26, 2006, because she had not filed a Notice of Appearance in this cause. The Court, however, notes that the docket reveals that on June 21, 2006 – five days before the subject Motion was filed by Defendant – counsel was added as the attorney of record in this case and therefore should have received electronic notice of the Motion. Nonetheless, the Court will consider the late filed Response.

United States in violation of 18 U.S.C. § 871. An arrest warrant was issued and Defendant was arrested by a special agent of the United States Secret Service on the same day.[2]

After receiving an initial appearance before Magistrate Judge James C. Sumner on March 15, 2006, Defendant waived his right to a detention hearing and requested a preliminary hearing. A preliminary hearing was held on March 16, 2006, and at the conclusion of that hearing, Judge Sumner determined that Defendant should be remanded to custody to await action by the grand jury. See Minute Entry of March 16, 2006.

Defendant, however, was never indicted for violation of § 871 as charged in the Criminal Complaint. Instead, on May 24, 2006, Defendant was indicted by a grand jury on a charge of misuse of a social security number in violation of 42 U.S.C. § 408(A)(7)(b).[3] A superseding indictment, which cured a defect in Defendant's name but charged the same offense, was subsequently returned on June 21, 2006. Defendant received an arraignment hearing on July 21, 2006. Because Defendant "confessed" detention at the March 16, 2006,

---

[2] According to the affidavit of the arresting secret service agent, which was attached to the Criminal Complaint, Defendant had written and verbally made threatening comments about the President of the United States. In addition to facts relevant to the alleged violation of § 871, the affidavit also alleged that Defendant had previously been arrested by the Brandon, Mississippi, Police Department for providing false identification in the form of a false social security card and a false alien registration card.

[3] Neither the arrest warrant issued on March 8, 2006, nor the Criminal Complaint cited a violation of 42 U.S.C. § 408(A)(7)(b).

hearing, he was denied release. See Minute Entry of July 21, 2006. Defendant has been incarcerated since the date of his arrest on March 8, 2006.

On June 26, 2006, Defendant filed a Motion to Dismiss Indictment. In addition to asserting violation of 18 U.S.C. § 3161(b) of the Speedy Trial Act (STA), the Due Process Clause of the Fifth Amendment and the Speedy Trial Clause of the Sixth Amendment, Defendant also moved for dismissal pursuant to Rule 48(b) of the Federal Rules of Criminal Procedure. The Court will now consider Defendant's Motion.

## II. Analysis

Defendant contends that dismissal of the indictment is appropriate pursuant to Rule 48(b) because the Government unnecessarily delayed presenting the charge of misuse of a social security number to the grand jury. Rule 48(b) provides that "[t]he court may dismiss an indictment, information, or complaint if unnecessary delay occurs in: (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial." Although somewhat related to the Sixth Amendment right to a speedy trial, Rule 48(b) extends beyond constitutional violations and encompasses the inherent power of a court to dismiss an indictment for unnecessary delay. United States v. Novelli, 544 F.2d 800, 803 (5th Cir. 1977). As one court has noted, "Rule 48(b) obviously does not grant the [defendant] less

rights than the Sixth Amendment. Indeed, it places a stricter requirement of speed on the prosecution, and permits dismissal of an indictment even though there has been no constitutional violation." Mathies v. United States, 374 F.2d 312, 314-15 (D.C. Cir. 1967). District courts are granted "extremely broad discretion regarding whether to dismiss under Rule 48(b)." United States v. Garcia, 995 F.2d 556, 561 n.8 (5th Cir. 1993).

The United States Court of Appeals for the Fifth Circuit has instructed that the same balancing test used to analyze violations of the Speedy Trial Clause of the Sixth Amendment should also be applied in considering whether a Rule 48(b) dismissal is appropriate. United States v. Barboza, 612 F.2d 999, 1001 (5th Cir. 1980). These four factors – commonly referred to as the Barker factors – include: (1) the length of the delay; (2) the reason for the delay; (3) when the defendant asserted his right; and (4) the prejudice to the defendant resulting from the delay. Id. (citing Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)).

In the case *sub judice*, over two months lapsed between the time Defendant was arrested and the date an indictment was returned. Defendant was incarcerated during this period of time on a charge of threatening to kill the President, a charge on which he

4

was never indicted.[4] Rather, Defendant was eventually indicted for misuse of a social security number, a violation that was not cited in either the Criminal Complaint against Defendant or the Arrest Warrant issued on March 8, 2006. Thus, Defendant was incarcerated over two months before an indictment was returned on a charge for which he was not arrested or otherwise given notice. Moreover, a violation of § 408(A)(7)(b) is a relatively minor felony offense that might only warrant a sentence of probation.[5] The Court therefore finds that more than two months between Defendant's arrest (on an unrelated charge) and indictment (on a non-serious offense) is an unacceptable delay that favors dismissal.

The Court must next consider the reason for the delay. In its Response, the Government only argued that the STA had not been violated. The Government did not address Defendant's alternative grounds for dismissal and gave no explanation for its delay in pursuing an indictment against Defendant. Therefore, the second <u>Barker</u> factor also weighs in favor of dismissal.

---

[4] The docket in this matter indicates that on March 16, 2006, Defendant waived his right to a detention hearing, conditioned on the court proceeding with a preliminary hearing, which the court did. Presumably, Defendant only waived his right to a detention hearing as to the charge of violating § 871, considering he had not been charged with a violation of § 408(A)(7)(b) at that time.

[5] A violations of § 408(A)(7)(b) carries a base range of imprisonment of zero to six months under the federal sentencing guidelines, which are now advisory. The Court also notes that Defendant's trial is currently scheduled for August 23, 2006.

Regarding the third Barker factor, the Court finds that Defendant was not dilatory in bringing the delay to the attention of the Court. Defendant moved for dismissal less than a month after the indictment was returned and did not wait until the eve of trial to raise the issue.

Finally, as for the prejudice factor, a defendant can suffer prejudice if he is incarcerated during the Government's delay. See Garcia, 995 F.2d at 560 (explaining that prevention of pretrial incarceration is a policy consideration that a court should consider when assessing prejudice). Defendant was clearly prejudiced by the Government's delay in seeking an indictment as he was incarcerated for the entire two months between arrest and indictment. Further, the Court notes that Defendant remained in custody after he was first indicted on May 24, 2006, and did not receive an arraignment hearing until approximately two months later on July 21, 2006. The Government has not provided the Court with an explanation for why the arraignment was also delayed. The Court therefore finds that this restriction of Defendant's liberty constitutes actual prejudice.

After weighing the Barker factors and considering the totality of the circumstances of this case, the Court finds that the Government unnecessarily delayed obtaining an indictment against Defendant. Accordingly, pursuant to the inherent powers granted this Court by Rule 48(b), Defendant's Motion to Dismiss Indictment

will be granted and the indictment against him will be dismissed.[6] However, because the delay was not egregious and appears to be the result of negligence rather than bad faith, the Court will dismiss the indictment without prejudice.

### III. Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that the Motion of Defendant Franklin Alfonso Mellado Oberto to Dismiss Indictment [docket entry no. 9] is hereby granted. The Superseding Indictment, filed in this cause on June 21, 2006 [docket entry no. 7] is hereby dismissed, without prejudice.

SO ORDERED this the 27th day of July, 2006.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

---

[6] The dismissal of the indictment is based solely on the Court's authority under Rule 48(b). Because the Court concludes that dismissal is appropriate under the Rules of Criminal Procedure, it need not consider whether there has been a constitutional or statutory violation.